# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVIN COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 18-253-GMS |
| | ) |
| CONNECTIONS COMMUNITY | ) |
| SUPPORT PROGRAMS, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Devin L. Coleman ("Coleman"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. (D.I. 3, 5.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## II. BACKGROUND

On May 1, 2017, Coleman reported his fish and iodine allergy to VCC medical personnel. Coleman signed an agreement that he consented to placement on an allergy diet. On June 16, 2017, Coleman made a written request for removal from the allergy diet and requested a religious diet. The prison chaplain told Coleman that, because the allergy diet was medically prescribed, he could not change Coleman's diet without medical removing Coleman from the allergy diet. Coleman alleges that the defendant Connections Community Support Programs,

Inc.'s ("Connections") policy is that an inmate is not removed from a medical diet once he is placed on it.

Coleman made numerous requests to medical from June through December 2017 for removal from the medical diet. He was told that nothing could be done; it was Connection's policy, and Connections' policy could not be superseded. Coleman alleges that as a result of his continued placement on the medical diet he lost a significant amount of weight, some twenty to thirty pounds.

Coleman seeks declaratory relief, as well as compensatory and punitive damages. He also filed a motion for a preliminary injunction.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Coleman proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Coleman leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Religious Diet

Coleman alleges that Connection has a policy that once an inmate is placed on a medical diet, he cannot be removed from it. Coleman wishes to receive a religious diet. From the allegations, it appears there is a conflict between Coleman's medical needs and his right to exercise his religion. The Court construes the complaint as attempting to assert a Free Exercise claim under the First Amendment.

The First Amendment states that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend. I. "[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (citations omitted).

"'Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.'" *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987)).

However, "[t]he mere assertion of a religious belief does not automatically trigger First Amendment protections. Only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *Id.* at 51. Accordingly, "if a prisoner's request for a particular diet is not the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request." *Id.* at 52.

Here, Coleman, did not identify his faith for purposes of obtaining a religious diet. He merely states that Connections' policy will not allow his removal from a medical diet so that he may receive a religious diet. *See e.g.*, *Williams v. Aramark Inc.*, 2011 WL 1988429, at *2 (D.N.J. May 20, 2011) ("[T]o state a claim under the Free Exercise Clause, the facts alleged must support a finding that a prisoner's request for a special diet is based on his own sincerely held religious beliefs.") (citation omitted); *Banks v. Fraiser*, 2007 WL 38909, at *3 (D.N.J. Jan. 4, 2007) (plaintiff failed to state a free exercise claim where he never identified his faith for purposes of obtaining a religious diet).

Because the claim is deficiently pled, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, since it appears plausible that Coleman may be able to articulate a claim or claims against Connections or alternative defendants, he will be given an opportunity to amend the complaint.

### B. Preliminary Injunction

Coleman seeks a preliminary injunction to remove him from a medically prescribed diet. (D.I. 7.) He states that he has a right to refuse medical treatment and that the medically prescribed allergy diet has caused him to lose several pounds. Coleman states that he received a regular diet for four years with no reaction to the meals he received. He states that he was told he could be prescribed an allergy pill in lieu of a diet, but Connections' policy does not allow his removal from the medical diet.

To obtain a preliminary injunction, a plaintiff must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

At this juncture of the case and due to the paucity of evidence, the court finds that Coleman has not demonstrated the likelihood of success on the merits. Nor has he demonstrated that he will suffer irreparable if the injunction is denied. Therefore, the motion for a preliminary injunction will be denied, without prejudice to renew.

## V. CONCLUSION

For the above reasons, the court will: (1) deny the motion for preliminary injunction without prejudice to renew (D.I. 7); and (2) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Coleman will be given leave to amend to cure the pleading defects.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 30, 2018
Wilmington, Delaware

7