IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF DELAWARE

DEVIN L. COLEMAN,

    Plaintiff,

v().

CONNECTIONS COMMUNITY
SUPPORT PROGRAMS, INC.,

    Defendant.

Civ. No. 18-253-CFC

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Devin L. Coleman ("Plaintiff), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. (D.I. 3, 5.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## II. BACKGROUND

Plaintiff seeks a temporary restraining order and preliminary injunction to remove him from a medically prescribed diet due to fish/seafood/shellfish allergies so that he may be placed on a Kosher diet. (D.I. 24.) The Court ordered the VCC Warden and Defendant Connections Community Support Programs, Inc. to respond to the motion.[1] They oppose. (D.I. 28, 29) Plaintiff filed a reply and asks the Court to grant his motion. (D.I. 31)

---

[1] In its opposition, Connections states that it has not been served or waived service in this matter. According to the court docket, the Court entered a service order on October 3, 2018, and the Court receipt indicates it was served upon counsel for Connections. (*See* D.I. 23)

Plaintiff tested negative to the known food allergens. (D.I. 29-1) On October 30, 2018, Plaintiff was removed from the allergy diet due to blood test results and Plaintiff's refusal to remain on the diet. (*Id.*) Connections cannot order religious diets. (*Id.*)

## III. STANDARDS OF LAW

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Inasmuch as Plaintiff is no longer on the medical diet, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable

2

harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff no longer receives a medical diet, it is impossible for him to suffer irreparable harm. Moreover, Connections, the only named Defendant, cannot order religious diets as its authority is limited to medically necessary diets.

## V. CONCLUSION

For the above reasons, the Court will deny as moot the motion for a temporary restraining order and preliminary injunction. (D.I. 24)

An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

December 6, 2018.
Wilmington, Delaware

3